

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LABORERS LOCAL UNION 158, LABORERS LOCAL UNION 158 HEALTH AND WELFARE FUND and LABORERS LOCAL UNION 158 PENSION FUND, | : : : : : | **1:CV-01-0983** |
| Plaintiffs, | : No. | |
| vs. | : : | |
| VIRBITSKY CONSTRUCTION COMPANY, INC. and THOMAS VIRBITSKY, | : : : | FILED<br>HARRISBURG, PA<br>JUN 4 2001 |
| Defendants. | : | MARY E. D'ANDREA, CLERK<br>Per _____<br>Deputy Clerk |

### COMPLAINT

#### Count One

1. This action arises under §301 of the Labor-Management Relations Act, as amended, 29 U.S.C.A. §185, and under §502(d) of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C.A. §1132(d).

2. Laborers Local Union 158, whose principal offices are located at 4655 Linglestown Road, Suite D, Harrisburg, Pennsylvania, 17112, is a "labor organization" within the meaning of 29 U.S.C.A. §§152 and 185(a), and is an "employee organization" within the

meaning of §3(4) of ERISA, 29 U.S.C.A. §1002(4).

3. Laborers Local Union 158 Health and Welfare Fund and Pension Fund, whose principal offices are each located at 2201 Forest Hills Drive, Suite 6A, Harrisburg, Pennsylvania, 17112-1089 are employee benefit plans within the meaning of §3(3) of ERISA, 29 U.S.C.A. §1002(3).

4. Defendant, Virbitsky Construction Company, Inc., has principal offices located at R. R. #1, Box 83E, Forest City, Pennsylvania, 18421.

5. Defendant, Virbitsky Construction Company, Inc., is an "employer" in an industry "affecting commerce" within the meaning of §§2(2) and (7), and 301(a) and (b) of Labor-Management Relations Act, 29 U.S.C.A. §§152(2) and (7), and 185(a) and (b).

6. Defendant, Virbitsky Construction Company, Inc., is an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C.A. §1002(5).

7. Defendant, Virbitsky Construction Company, Inc., is signatory to a collective bargaining agreement with Laborers Local Union No. 158 which was effective at all times relevant to this action.

8. Pursuant to the terms of the collective bargaining agreement Defendant, Virbitsky Construction Company, Inc., agreed to pay certain sums to each of the above-named Funds.

9. Defendant, Virbitsky Construction Company, Inc., has failed and refused to contribute monies to Plaintiffs based on work performed by its employees.

10. Under the terms of the collective bargaining agreement Defendant, Virbitsky Construction Company, Inc., was obligated to contribute monies to the above-named Funds based upon the work performed.

11. Defendant, Virbitsky Construction Company, Inc., has failed to remit the contributions owed to each of the above-named Funds for hours worked by each of its employees covered by the collective bargaining agreement, since April 2000.

12. By virtue of Section 502(g)(2) of ERISA, Plaintiffs are entitled to an award in an amount equal to all unpaid contributions, interest on the unpaid contributions and reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a) Enter judgment in their favor and against Defendant, Virbitsky Construction Company, Inc.;

(b) Order payment of all unpaid contributions;

(c) Award interest on such unpaid contributions;

(d) Award an additional amount equal to the greater of the interest or liquidated damages provided for in the Plan;

(e) Award payment of reasonable attorney's fees; and

(f) Award Plaintiffs the costs of this litigation.

## COUNT TWO

13. The preceding paragraphs of this Complaint are hereby incorporated by reference herein.

3

14. Count Two arises under Pennsylvania's Wage Payment and Collection Law, 43 PS. §260, et seq. and this Court's jurisdiction is asserted under 28 U.S.C.A. §1367.

15. Pursuant to 43 P.S. §260.9a any employee or group of employees, labor organization, or party to whom any type of wages is payable may institute action provided for under Pennsylvania's Wage Payment and Collection Law.

16. Defendants, Virbitsky Construction Company, Inc. and Thomas Virbitsky, are employers within the meaning of 43 P.S. §260.2(a).

17. Plaintiffs believe that Defendant, Thomas Virbitsky, resides in Forest City, Pennsylvania.

18. Contributions to employee benefit plans constitute wages under Pennsylvania's Wage Payment and Collection Law. Dues supplement contributions also constitute wages under the same law.

19. Under the provisions of 43 P.S. §260.9a(b), Plaintiffs may institute suit to recover such unpaid wages.

20. Under 43 P.S. 260.10, where wages remain unpaid for thirty (30) days beyond the regularly scheduled pay day, the Plaintiff shall be entitled to claim liquidated damages in an amount equal to 25% of the total amount of wages due, or $500.00, whichever is greater.

21. Under the provisions of 43 P.S. 260.9a(f), the court in any action brought under this section shall, in addition to any judgment awarded to the Plaintiff, allow costs for reasonable attorney's fees.

22. Under the terms of Pennsylvania's Wage Payment and Collection Law, therefore, Plaintiffs are entitled to an award of attorney's fees, costs, and an amount which represents unpaid contributions, interest, and liquidated damages of the greater of 25% of unpaid contributions or $500.00.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

(a) Enter judgment in their favor and against Defendants, Virbitsky Construction Company, Inc. and Thomas Virbitsky; and

(b) Order payment of all unpaid contributions;

(c) Award interest on such unpaid contributions;

(d) Award costs and attorney's fees; and

(e) Award 25 percent liquidated damages against the Defendants for all sums determined to be due and owing by virtue of Defendants' account to the Plaintiffs, or alternatively;

(f) Award $500.00 in liquidated damages against the Defendants pursuant to the provisions of the Pennsylvania Wage Payment and Collective Law for each Union member for whom Plaintiffs have been required to institute suit on behalf of in this action.

Respectfully Submitted,

IRA H. WEINSTOCK, P.C.
800 North Second Street
Harrisburg, PA 17102
Phone: 717-238-1657

By: *Ira H. Weinstock*
IRA H. WEINSTOCK